■ CLAIRE M. RIE et al., Respondents, v. S. KLEIN DEPARTMENT STORES, INC., Appellant.— Judgment, Supreme Court, New York County, entered December 30, 1971, unanimously reversed, on the law, and a new trial granted, without costs and without disbursements. In this negligence action, plaintiff Claire Rie claimed she was injured when struck by a garment loading rack or cart that rolled off the loading platform located in the rear of defendant's department store in Yonkers. The testimony discloses that Mrs. Rie, after completing her shopping in defendant's department store, walked across the loading area on her way to defendant's lost and found department in search of her missing pen. It further appears that there were signs in this area advising customers that they were not permitted therein. Accordingly, the jury could have found that, at the time of the accident, Mrs. Rie's legal status in the loading area was that of a trespasser or bare licensee. They were precluded from doing so, however, by the trial court's charge (to which exception was duly taken) that "as a matter of law" Mrs. Rie had "defendant's implied consent to go into this loading area" and that "the sole question [it] was to determine [was] whether the defendant, through its employees, knew or, from the facts known it should have anticipated, that plaintiff * * * was in the loading area at the time this accident happened." The basis for such charge was defendant's failure to respond to a notice to admit, *inter alia*, that on the day of the accident "the defendant invited members of the public to come upon the premises [owned by defendant] to patronize a department store within which merchandise is displayed for sale to the public." While we do not, by this reversal, condone defendant's failure to respond to plaintiff's notice (cf. *Marguess* v. *City of New York*, 30 A D 2d 782, affd. 28 N Y 2d 527), and our refusal to award costs hereon reflects our displeasure with such practice, we conclude that the deemed admission did not warrant the instruction given. The invitation extended to

Mrs. Rie, and the public in general, which is referred to in the first item of plaintiff's notice, did not "as a matter of law" include the loading area where appropriate warning signs were posted. Upon the record before us, we find no justification for withdrawing from the jury the question of Mrs. Rie's legal status at the time of the accident or the basic issues of negligence (including Mrs. Rie's possible contributory negligence) and proximate cause. Concur — Stevens, P. J., McGivern, Nunez, Murphy and Steuer, JJ.